### JOHN W. BARRETT, EX'R, *v.* WM. WOODS, ADM'R.

**Principal and Agent—Collecting Agent—Diligence.**

A collecting agent should not be held to a greater degree of diligence than the principal, unless the failure to collect within a reasonable time withou excuse caused the loss of the claim.

**Principal and Agent—Collecting Agent—Discretionary Power.**

In the exercise of the discretionary power with which a collecting agent is invested, the agent is not compelled to institute an action against persons who are insolvent, where the only result would be to incur cost.

**Sheriffs and Constables—Fees—Ownership—Presumption.**

In the absence of a showing of any agreement to the contrary, it will be presumed that fees belong to the sheriff and not to his deputy.

**Principal and Agent—Collecting Agent.**

A collecting agent should be allowed reasonable attorney's fees paid by him in order to collect claims, and also costs incurred and paid where the same could not be made out of the debtor because of his insolvency.

**Court Commissioners—Report.**

A commissioner s report was held to be insufficient, and the manner of making report on the liability of a collecting agent, stated.

APPEAL FROM BARREN CIRCUIT COURT.

December 4, 1873.

OPINION BY JUDGE PRYOR:

The undertaking of appellant's intestate with Bagby and Forrest, to collect the notes and accounts in order to discharge the indebtedness of the latter to Leight, Barrett & Co., did not require him to exercise that diligence, that, as assignee of such paper, he would have been required to exercise in order to hold the assignor responsible. He was the mere agent of the firm of Bagby & Forrest, and was required only to use that diligence in the collection that one of ordinary prudence would have done in the discharge of such a duty. The agreement to collect was extended into the year 1862; and the claims were on those who lived in that portion of the state where the trouble growing out

of the war necessarily obstructed the collection of debts and diverted the minds of business men from the prosecution of their business interests.

The agent should not be held to a greater degree of diligence than the principal, unless the failure to collect within a reasonable time without excuse caused the loss of the claims. He was not bound to sue at the first court or to secure or to attempt to coerce payment by legal process, unless it was apparent that, without such a step the claim would be lost or the money not paid. In the exercise of the discretionary power with which he was invested, he was not compelled to institute an action against those who were insolvent, when the result would only be to incur costs.

There is nothing in the record to show that he was an unfaithful agent or failed to account for the moneys he collected. He should have been allowed a reasonable compensation for his services in collecting and paying over the money, and also any reasonable attorney's fees paid by him in the prosecution of the claims. It seems that he was the deputy sheriff of Barren county at the time many of the claims were collected, and he may, as deputy, have been entitled to the commission by a contract with his principal; but as no such agreement has been shown, the presumption is that the fees belonged to the sheriff and not the deputy. It may be admitted, however, that he collected the commissions on the executions; still these commissions were paid by the defendants in the execution, and afford no reason for denying him the right to compensation under his agreement to collect. He should have been allowed 10 per cent. on the amount collected and paid over. He should also have been allowed any reasonable attorney's fees paid by him in order to collect these claims, and also any costs incurred and paid, when the same could not be made out of the debtor by reason of his insolvency.

The commissioner's report is altogether unsatisfactory. The report should have first found the amount of claims placed in the hands of John Barrett for collection, and the amount collected by him, and the amount paid over to Leight, Barrett & Co., and the sureties. The whole amount paid by him should be stated. The report should then show the claims that have

been lost by reason of the failure of the agent to collect, also a statement of the claims that were insolvent. When the claims collected and those that ought to have been collected by the agent, are added together, the amount of his original indebtedness is fixed. From this is to be taken the amounts paid Leight, Barrett & Co., and the sureties, as well as the attorney's fees and necessary expenses incurred in the collection, and the compensation to which appellant's intestate is entitled; and the liability, if any, is ascertained. It is evident that various sums of money were paid the sureties as well as Leight, Barrett & Co., and for which appellant, as administrator, should be credited.

The case should be again referred to the commissioner to settle and adjust the accounts between the parties as herein indicated, disregarding altogether the former report. The judgment of the court below is reversed and cause remanded for further proceedings consistent with this opinion.

*Barrett & Roberts, Barrett, Edwards & Harding, for appellant.*

*N. A. Smith, for appellee.*